UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:09-cr-00122 |
| VERSUS | * | JUDGE DOHERTY |
| THAD C. THEALL, ET AL. | * | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the court is the government's Motion in *Limine* which seeks to prohibit the admission, at trial, of the civil deposition of defendant, Thad Theall, taken in connection with his 2008 Bankruptcy proceeding. [rec. doc. 50]. The defendants, Thad and Theresa Theall, have filed Opposition, to which the government has filed a Reply. [rec. docs. 55 and 56]. A hearing on the Motion was held and the Motion was taken under advisement. This Ruling follows.

## FACTUAL AND PROCEDURAL BACKGROUND

The defendants, Thad Theall and Theresa Theall, have been charged in a two count indictment with Concealment of Bankruptcy Assets, False Statements and False Oaths in violation of 18 U.S.C. § 152(2) and (3) and 18 U.S.C. § 2(b). Count 1 charges that on June 16, 2005, in filings made in connection with their Bankruptcy Petition, the defendants knowingly and fraudulently failed to disclose a transfer of real property located at 3411 Ambassador Caffery Parkway resulting in proceeds of approximately $100,000.00.

Count 2 charges that on August 4, 2005, while under oath at a meeting of creditors before the U.S. Trustee, the defendants knowingly and fraudulently made a false declaration and provided false information regarding the transfer of the same parcel of real property, thereby concealing the transfer and approximately $100,000.00 in assets which resulted from that transfer. [rec. doc.25].

The Thealls filed for bankruptcy on June 16, 2005. It is undisputed that the sale of the Ambassador Caffery property at issue took place on February 3, 2005, within the twelve month period which requires reporting of the sale to the U.S. Trustee. The government alleges that the Thealls did not disclose the sale, or the proceeds of the sale ($85,000.00 in cash and a promissory note for $15,000.00) in their original Bankruptcy Petition or filings in the Bankruptcy Court. The government further alleges that at an August 4, 2005 creditor meeting, Thad Theall stated that the property was sold in February 2004, thus outside the twelve month reporting period.

However, after creditors began to challenge the accuracy of the 2004 sale date, the government alleges that in a civil deposition taken by a creditor on September 16, 2005, Thad Theall "had no choice but to admit" that the sale took place in January 2005, not in 2004 as he previously stated, thus placing the sale within the twelve month reporting period.

A transcript of the tape recording of the August 4, 2005 creditor meeting reveals that in response to questions regarding the sale of the Ambassador Caffery property, Thad

Theall indicated, while under oath, that he owned the property "until, I guess it was, February of last year." When asked if he meant February of 2004, Thad Theall responded "that's correct." This statement placed the sale outside of the twelve month reporting period. Thad Theall further stated that the property was sold to Hometown Mortgage for $100,000.00 with which he "paid off bills and lived." [Thad Theall Ex. 2, pg. 22].

In connection with the same bankruptcy proceeding, on September 16, 2005, a creditor took the deposition of Thad Theall. During the deposition, when asked when the Ambassador Caffery property was sold, Thad Theall responded "that was – would be January 23, 2004. January 23rd of 2005. Sorry." He then stated that the sale price was $100,000.00 and that the money received from the sale, a total of $97,500.00 received in two payments of $85,000.00 and $12,500.00, was deposited into his personal account and used to pay personal debts. [Thad Theall Ex. 1, pg. 34-36].

By the instant Motion, the government contends Thad Theall's statements contained in the civil deposition constitute hearsay because the testimony will be used to prove the truth of the matter asserted. The government argues that "the matter asserted" is not the actual words of the statements made by Theall, but is, rather, the inference which the jury will be asked to draw from Theall's words. More specifically, the government asserts that the defendants will introduce Thad Theall's deposition testimony, in lieu of live testimony, to show that Thad Theall was confused about the sale date at time of the deposition, because he gave the wrong date and then quickly corrected

himself, to support the defense theory that Thad Theall was likewise confused at the time of the original bankrupcy filings and when he made the statement regarding the sale date at the creditors meeting.

Thus, it is the government's position that the "truth of the matter asserted" in the September 16, 2005 deposition is not the actual words spoken by Theall, but, rather, the inference which the jury will be asked to make from the words spoken, that is, that Thad Theall did not have the requisite intent when he made the false statements which form the basis for the offense charged.

The government further asserts that this evidence is inadmissible hearsay because the deposition statements are self-serving, testimonial assertions of the truth which are not subject to credibility safeguards, such as cross-examination, for the jury to examine the trustworthiness and reliability of the declarant. Thus, the government asserts that the admission of this evidence will defeat the underlying purpose of the hearsay prohibition.[1]

The defendants contend that Thad Theall's statements contained in the civil deposition are not hearsay because they are not offered for the truth of the matter asserted therein and, hence, are not hearsay. The defendants contend that the statements will be offered to show that Thad Theall was easily confused about the date and year of the real estate transaction. The defendants further assert that Thad Theall's statements in the deposition constitute "verbal conduct which is assertive but offered as a basis for

---

[1] The government does not explain how the admittedly incorrect statements which Theall seeks to introduce can be incorrect and, at the same time, be "testimonial assertions of truth."

inferring something other than the matter asserted", to wit, that Theall often misspoke.

In sum, the defendants argue that the proffered statements are not offered to prove the truth of the matter asserted by Thad Theall in the deposition, that is, the date the property was sold, but, rather, that the evidence will be used to prove circumstantially a lack of intent.[2] In the alternative, the defendants assert that the deposition is admissible under Rule 803(3) as evidence of Thad Theall's then existing state of mind.

## LAW AND ANALYSIS

The defendants contend the statements in the deposition are not hearsay because the statements do not come within the definition of hearsay found at Fed.R.Evid. 801(c). Specifically, the defendants contend the deposition statements are not hearsay because the statements in the deposition will not be offered for the truth of the matter asserted. The defendants note that the statements *cannot* be offered for the truth of the matter asserted because the assertions made in the statements are incorrect. The government agrees that the prior statements made by Theall are incorrect.

The defendants argue that the statements serve the relevant non-hearsay purpose of showing Thad Theall's state of mind, that is, confusion, misunderstanding or ignorance as to the correct date of the sale. The undersigned agrees.

---

[2] Indeed, the sale date stated in the deposition, whether January of 2004 or January of 2005, is incorrect; the property was sold in February 2005. Thus, because the statement is factually incorrect, it *cannot* be used to prove the truth of the matter asserted.

Fed.R.Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Statements are not considered hearsay when they are offered for reasons other than the truth of the statement and, thus, do not involve the credibility of the declarant. One such category of non-hearsay utterances involves assertive verbal conduct offered to show state of mind, or effect on state of mind, where that effect is relevant.[3] *See generally*, 4 J. Weinstein & M. Berger, 5 Weinstein's Federal Evidence ¶ 801.11 (5)(c), at 801-26 - 801-26.2 (McLaughlin ed., Matthew Binder 2nd ed. 1997); 2 McCormick on Evidence § 250 (6th ed. 2006); R. Jones, G. Rosen, W. Wegner and S. Jones, Rutter Group Practice Guide: Federal Civil Trials and Evidence, Ch. 8G-B(5)(f). *See also* Fed.R.Evid. 801(c) Advisory Committee Notes to 1972 Proposed Rules (noting that "verbal conduct which is assertive but offered as a basis for inferring something other than the matter asserted, [is] excluded from the definition of hearsay by the language of subdivision (c)."); D. Binder, Hearsay Handbook, § 2.9 at 2-27 (4th ed. 2001) ("An out-of-court assertion, regardless of its truth, may imply . . . emotional feeling, or other particular state of mind of the declarant. If offered as circumstantial evidence to prove

---

[3]As explained by Mueller and Kirkpatrick, some statements have both verbal assertive aspects and performative aspects (mixed act-and-assertion statements) that may be both hearsay and non-hearsay when offered for one purpose. In such cases, courts often admit these statements on grounds that behavior is not an assertion; the performative aspect gives the statement a probative force independent of its assertive quality. Such statements are not offered to prove whatever factual claims they make, but rather to demonstrate a matter in question, such as state of mind of confusion or misunderstanding. Such statements are treated as non-hearsay because they "act[] out the mental state of being mistaken or confused." C. Mueller and L. Kirkpatrick, 4 Federal Evidence § 8:24 (3rd ed.).

such state of mind, the assertion is not hearsay."). Such statements are at issue in this case.

The Fifth Circuit, as well as other circuits, have accepted that out-of-court statements are admissible, not for their truth, but, rather, as circumstantial evidence of the declarant's state of mind. *See United States v. Webster*, 750 F.2d 307, 330 (5th Cir. 1984), *cert. denied*, 471 U.S. 1106 (1985) *citing United States v. Parry*, 649 F.2d 292 (5th Cir. 1981), (defendant's statement to witness that an airplane, shown to be stolen at trial, was stored on his property, admissible as circumstantial non-hearsay evidence of state of mind because offered to support inference that "a man with guilty knowledge is not likely to advertise his possession of stolen property"); *United States v. Brown,* 562 F.2d 1144, 1148 (9th Cir. 1977) (defendant's request that witness "[not] hurt him" was non-hearsay; admissible to show defendant's state of mind); *United States v. Leake*, 642 F.2d 715, 720 (4th Cir. 1981) (in prosecution involving misappropriation of federal funds, error to exclude defendant's proffered evidence recounting statement made to him where statement served as circumstantial evidence of defendant's state of mind and would have been evidence negating his specific intent to aid and abet illegal payment); *United States v. Harris*, 733 F.2d 994, 1004 (2nd Cir. 1984) (statements of defendant to parole officer and attorney admissible as circumstantial evidence of defendant's state of mind – his knowledge of an informants cooperation); *United States v. Gibson*, 675 F.2d 825, 833-34 (6th Cir. 1982), *cert. denied*, 459 U.S. 972 (1982) (where defendant offered utterance

solely for the fact that it was made by a union official and heard by the defendant, witness's account of union official's statement was non-hearsay admissible as "testimony about a circumstantial utterance, which could have been received properly on the issue of [defendant's] belief or state of mind in consequence of the utterance"); *Kos Pharmaceuticals v. Andrix Corp.*, 369 F.3d 700, 719 (3rd Cir. 2004) (infringement suit by Advicor against Altocor finding that statement "We have plenty of Advicor" pointing to Altocor samples not hearsay because not submitted for the truth; "indeed, it is their falsity that shows the speaker's confusion.")[4]; *United States v. Safavian*, 435 F.Supp.2d 36, 45-46 (D.D.C. 2006) (admitting emails to show the defendants state of mind or motive to make false statements or obstruct justice, subject to a limiting instruction that they cannot be used to prove the truth of whether the properties mentioned in the emails were actually available for lease or sale). *See also United States v. Bobo*, 586 F.2d 355, 371-372 (5th Cir. 1978), *rev. on other grounds, United States v. Singletary*, 683 F.2d 122, 123 fn. 1 (5th Cir. 1982) (admitting statement because it revealed state of mind; it indicated concern about informers and tended to prove the existence of conspiracy in that it evidenced a desire for secrecy and a concern that activities might be reported to the police); *United States v. Arteaga*, 117 F.3d 388, 397 (9th Cir. 1997) (noting "circumstantial evidence of state of mind" as a category of non-hearsay uses for which out-of-court statements may be considered); *United States v. Moore*, 923 F.2d 910, 916

---

[4] This is precisely the issue presented in this case.

(1st Cir. 1991) *citing* 4 Weinstein & Berger, Weinstein's Evidence § 801(c) [01] (noting that the although the declarants denied their guilt to FBI agents, their denial suggested that they were guilty, and, as such, the statements were not hearsay, but "at worst, 'verbal conduct which is assertive but offered as a basis for inferring something other than the matter asserted', conduct which is 'excluded from the definition of hearsay by the language' in Fed. R. Evid. 801(c), which requires that the statement be offered to prove the 'truth of the matter asserted.'"). The undersigned finds the deposition statements offered by the defendants fall within the scope of the cases noted above and are not hearsay.[5]

       The parties agree that the central issue at trial will be the defendants' intent. They further agree that the deposition statements will be offered to show that defendants lacked the requisite fraudulent intent to commit the crimes charged.

---

[5] The undersigned has considered the cases cited by the government and finds that they are inapposite to the issue at hand as none of the cases involves assertive verbal conduct. *United States v. Reyes*, 239 F.3d 722, (5th Cir. 2001); *United States v. Bond*, 87 F.3d 695 (5th Cir. 1996); *United States v. Bishop*, 264 F.3d 535 (5th Cir. 2001). Moreover, one of the cited cases supports the instant Ruling. In *United States v. Liu*, 960 F.2d 449, 452 (5th Cir. 1992), the Fifth Circuit found that evidence of the defendant's state of mind (fear) was properly admitted; however, hearsay evidence as to the nature of the cause of the fear was properly excluded.

    Moreover, academic and practical writings are in agreement that statements offered for use as circumstantial evidence is not hearsay under the Rules. D. Binder, Hearsay Handbook, § 2.7 at 2-20 (4th ed. 2001) ("An out-of-court assertion constitutes circumstantial evidence if the trier of fact may, regardless of its truth, infer from it, alone or in combination with other evidence, the existence or nonexistence of a fact in issue. An out-of-court assertion offered as circumstantial evidence is not hearsay."); 6 Wigmore on Evidence § 1788 at 313 (Chadbourn Revision 1976) ("If, then, an utterance can be used as circumstantial evidence, i.e., without inferring from it as an assertion to the fact asserted . . . , the hearsay rule does not oppose any barrier, because it is not applicable."). Furthermore, an out-of court assertion may be used circumstantially to imply a declarant's past intent. D. Binder, Hearsay Handbook, § 2.9 at 2-35 (4th ed. 2001) (and cases cited therein).

Because the deposition statements will be offered to rebut the inference of criminal intent, which might otherwise be drawn from Thad Theall's actions, or inactions, in connection with the bankruptcy proceeding or sworn statements made before the U.S. Trustee, the statements are relevant assertive verbal conduct independently admissible as circumstantial evidence of Thad Theall's state of mind.

The statements might be considered hearsay under Rule 801(c) if their evidentiary significance turned on the truth of the words spoken, namely the correct sale date.[6] However, the government admits that is not the reason for admission, nor can it be since the words spoken were *untrue*. From the defendant's standpoint, the words themselves show Thad Theall's confused or mistaken state of mind. The statements are thus more analogous to the act of misstating one's wedding anniversary date or misstating the correct date of a friend's birthday. While the responses made by Theall are assertive

---

[6]While the government asserts that the "truth of the matter asserted" in Thad Theall's deposition responses is not the sale date, but rather the element of intent in this prosecution, that argument is unsupported by the jurisprudence or the plain language of the Rule itself. The Fifth Circuit has recognized the obvious, that the truth with which the hearsay rule is concerned, pertains to the words which are actually said in the out-of-court statement. *See United States v. Webster*, 750 F.2d 307, 330 (5th Cir. 1984), *cert. denied*, 471 U.S. 1106 (1985); *United States v. Parry*, 649 F.2d 292 (5th Cir. 1981) ("Kay Dickson's testimony was not offered to prove the truth of the matter asserted by Buhajla – that a King Air was stored on his property. Rather, it was offered to support an inference of innocence: a man with guilty knowledge is not likely to advertise his possession of stolen property.").

Moreover, the undersigned has found no cases which interpret the Rule as the government suggests. To the contrary, the jurisprudence routinely interprets "the truth of the matter asserted" as pertaining to the truth of the specific words which were stated by the declarant. The government's argument is refuted by the wording of the rule itself. The term "truth of the matter asserted" can mean nothing other than the truth of the words spoken.

statements as to the alleged sale date, they are admittedly incorrect. Accordingly, they *cannot* be offered to prove the correct date of the sale. Therefore, they are not hearsay.

Additionally the statements made by Theall constitute verbal conduct. It is this aspect of the statements which is offered as circumstantial evidence of a state of mind – confusion, simple error or ignorance. As such, the deposition statements are clearly admissible. In sum, the deposition statements are to be offered as circumstantial evidence to support an inference of innocence, which the jury might reasonably draw from the conduct conveyed or implied by the words, without regard to the truth of the verbal statements made. The inference may be drawn, not from the truth or falsity of the spoken words, but from their performative aspect. As such, they fall outside the scope of the hearsay prohibition.

This conclusion is also supported by a consideration of the dangers that hearsay poses. "The reasons for excluding hearsay are clear: when an out-of-court statement is offered as a testimonial assertion of the truth of the matter stated, we are vitally interested in the credibility of the out-of-court declarant. Because a statement made out of court is not exposed to the normal credibility safeguards of oath, presence at trial, and cross-examination, the jury has no basis for evaluating the declarant's trustworthiness and thus his statement is considered unreliable." *United States v. Parry*, 649 F.2d 292, 294 (5th Cir. 1981) *citing* McCormick on Evidence § 245 (2d ed. 1972), 5 Wigmore on Evidence § § 1361, 1362 (1974) and *United States v. Carter*, 491 F.2d 625 (5th Cir.

1974).

In this case, these hearsay dangers are not present.  Because the statements are to be offered for the limited circumstantial use described above, that is, evidence from which confusion, simple error or ignorance might be inferred, issues regarding the credibility and trustworthiness of the declarant, are not present.  Indeed, it is admitted that the statements made by Thad Theall on September 16, 2005, are factually incorrect.

In sum, the undersigned concludes that the statements are non-hearsay because they are offered not for their truth, but, rather, as circumstantial evidence of Thad Theall's state of mind.[7]

Accordingly;

**IT IS ORDERED** that the government's Motion in *Limin*e [rec. doc. 50] is **denied**.

Signed November 3, 2010, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[7]Because the testimony at issue is not hearsay under Rule 801(c), the undersigned need not consider whether it qualifies under Rule 803(3) as an exception to the hearsay rule.